UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| JOHN CARREIRO and SHERRIE CARREIRO, | * * * * | |
| Plaintiffs, | * * | |
| v. | * * | Civil Action No. 1:20-cv-11119-IT |
| TOTER, LLC, | * * * | |
| Defendant. | * | |

MEMORANDUM AND ORDER

August 23, 2021

TALWANI, D.J.

Plaintiffs John and Sherrie Carreiro brought this action against Defendant Toter, LLC "Toter"), alleging that Toter manufactured a dumpster that "toppled over" and injured John Carreiro when he was attempting to empty it. Now before the court is Plaintiffs' Motion to Enlarge Time and to Amend Complaint to Substitute Defendant ("Motion") [#22]. The proposed substitute defendant, Otto Environmental Systems North America, Inc. ("Otto"), opposes the motion. Opp'n [#23]. For the reasons that follow, Plaintiffs' Motion [#22] is ALLOWED.

I. Background

On May 17, 2017, John Carreiro was injured while attempting to empty a dumpster that "toppled over," "trapp[ed] his legs," and fractured his ankle. Complaint ("Compl.") ¶¶ 1, 9-10 [#1-1]. The dumpster was owned by his employer, Allied Waste Management. Id. at ¶ 5.

On November 3, 2017, Plaintiffs initiated an action in Bristol Superior Court (the "First Action") against John Mendonca, the owner of the property where John Carreiro was injured.

Bristol Superior Court Compl. [#23-1]. Plaintiffs alleged Mendonca negligently loaded the subject dumpster with "slabs of heavy concrete in a top-heavy fashion and provided no warning of the resulting tip hazard," causing John Carreiro to be injured when, acting in the course of his employment, he pulled the wheeled dumpster and it toppled over on him. Id. at ¶¶ 5-7, 10. Ace American Insurance Company intervened in the First Action to enforce a workers' compensation lien, see Third Party Compl. [#23-2], and in 2019, the parties settled the First Action, see Settlement Agreement [#23-3].

On April 17, 2020, Plaintiffs filed this action, also in Bristol Superior Court, alleging the dumpster that toppled over on John Carreiro was negligently and defectively designed, presented a tip-over hazard, and lacked adequate warning of the hazard, making it "unreasonably dangerous." Compl. ¶¶ 6-7 [#1-1]. Plaintiffs alleged that Toter was the manufacturer and seller of the dumpster. Id. at ¶ 5. On June 11, 2020, Toter removed this action, see Notice of Removal [#1], and on June 26, 2020, Toter filed its Answer [#9]. Toter admitted that it manufactures certain dumpsters, but denied knowledge as to whether it manufactured and sold the dumpster at issue. Answer ¶ 5 [#9].

This court entered a Scheduling Order [#18] on October 2, 2020, directing the Parties to exchange initial disclosures by October 6, 2020. The deadline for motions for leave to amend without good cause was set for November 6, 2020, to allow the Parties time to review initial disclosures prior to the deadline.

Toter's initial disclosures disclosed that Allied Waste reported that it had purchased some Toter dumpsters. Mot. 2 [#22].

On or about March 31, 2021, Toter's counsel informed Plaintiffs that, "based on some accident scene photographs," Toter's Fed. R. Civ. P. 30(b)(6) witness believed the subject

dumpster was manufactured by Otto and not Toter. Id. Plaintiffs subpoenaed Allied Waste Management, seeking documents relating to the dumpster involved in the accident and documents related to Allied Waste's purchase or inventory of dumpsters manufactured by Otto, and Allied Waste indicated it had no such documents. Id.; see also Responses to Subpoena [#26-2], [#26-3].

On April 9, 2021, Plaintiffs took Toter's 30(b)(6) deposition; Toter's witness "explained convincingly, based on design details, that the container in accident photos was manufactured by Otto, and not Toter." Mot. 3 [#22]; see also Deposition Transcript 9:14; 9:17-18; 10:3; 10:6; 12:13-13:2; 13:3-7; 13:23-24; 14:19-23. [#22-1].

On May 25, 2021, Plaintiffs filed their Motion [#22] requesting leave to amend to substitute Otto for Toter.

II.   Legal Standard

Federal Rule of Civil Procedure 15(a)(1) allows a party to amend its pleadings "once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b)(6), (e), or (f), whichever is earlier." Otherwise, a party may amend under Rule 15 "only with the opposing party's written consent or the court's leave. The court should freely give the leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "Grounds for denying leave include 'bad faith,' 'dilatory motive' or 'futility of amendment.'" Wagner v. Federal Home Loan Mortg. Corp., 494 F. Supp. 3d 80, 84 (D. Mass. 2020) (quoting Kader v. Sarepta Therapeutics, Inc., 887 F.3d 48, 60-61 (1st Cir. 2018)) (internal citation omitted).

Federal Rule of Civil Procedure 16(b) "requires that the district court enter a scheduling order setting certain deadlines, including a deadline for the parties to amend the pleadings. Those

3

deadlines may be modified 'only for good cause and with the judge's consent.'" Somascan, Inc. v. Philips Med. Sys. Nederland, B.V., 714 F.3d 62, 64 (1st Cir. 2013) (quoting Fed. R. Civ. P. 16(b)(1) and Fed R. Civ. P. 16(b)(4)).

First Circuit "case law clearly establishes that Rule 16(b)'s 'good cause' standard, rather than Rule 15(a)'s 'freely give[n]' standard, governs motions to amend filed after scheduling order deadlines' have passed." Id. (quoting Flores-Silva v. McClintock-Hernández et al., 710 F.3d 1, 3 (1st Cir. 2013)).

"The 'good cause' standard focuses on both the conduct of the moving party and the prejudice, if any, to the nonmovant." Miceli v. JetBlue Airways Corp., 914 F.3d 73, 86 (1st Cir. 2019) (citation omitted).

> In the decisional calculus, the moving party's diligence or lack of diligence serves as the "dominant criterion." "[T]he longer the plaintiff delays, the more likely the motion to amend will be denied, as protracted delay, with its attendant burdens on the opponent and the court, is itself a sufficient reason for the court to withhold permission to amend."

Id. (quoting first O'Connell v. Hyatt Hotels of P.R., 357 F.3d 152, 155 (1st Cir. 2004) and then Steir v. Girl Scouts of the USA, 383 F.3d 7, 12 (1st Cir. 2004)). If the moving party had the opportunity to obtain the relevant information and amend the complaint before the deadline, there is no good cause to allow late amendment. Cruz v. Bristol-Myers Squibb Co., PR, Inc., 699 F.3d 563, 570 (1st Cir. 2012).

III.  Discussion

Plaintiffs argue they were diligent in their attempts to identify the manufacturer of the subject dumpster and, as a result, there is good cause to allow their Motion [#22]. In support of this argument, Plaintiffs state: (1) Otto and Toter "manufacture front loading plastic dumpsters which are similar in general appearance," (2) Allied Waste removed the subject dumpster from

4

the incident scene three days after John Carreiro was injured and Plaintiffs were unable to inspect it; (3) photographs from the accident scene did not capture the manufacturer's name; (4) John Carreiro believed the subject dumpster was a Toter product; (5) Toter disclosed that Allied Waste had purchased some Toter dumpsters; (6) Allied Waste does not have documents identifying the manufacturer of the dumpster at issue; (7) once alerted by Toter that the subject dumpster was likely manufactured by Otto, Plaintiffs proceeded with a limited 30(b)(6) deposition to assess the basis of this conclusion and subpoenaed Allied Waste seeking documents; and (8) after again being advised by Allied Waste that it had no documents and after completing the 30(b)(6) deposition, Plaintiffs promptly sought leave to amend. Mot. 2-3 [#22].

Otto contends Plaintiffs have failed to demonstrate good cause because they did not "make reasonable efforts to identify the manufacturer earlier." Opp'n 5 [#23]; see also Sur-reply 2-3 [#29]. Otto states it will be prejudiced if the late amendment is allowed because the subject dumpster is not available for inspection, Otto would have to restart discovery, and because, four years after the incident, witnesses' recollections will have faded. Opp'n 8-9 [#23]. Otto does not argue Plaintiffs' amendment would be futile or that Plaintiffs acted in bad faith, see Kader, 887 F.3d at 60-61 (explaining Rule 15(a)(2) amendments may be denied upon a finding of, inter alia, futility or bad faith); Otto's Opposition [#23] focuses entirely on the argument that the Motion [#22] is untimely and that Otto is prejudiced by the filing. Thus, the question before the court is whether there is good cause to allow the late amendment.

  A. Plaintiffs' Diligence

Plaintiffs filed this Motion [#22] about thirteen months after initiating this action, six-and-a-half months after the Scheduling Order's [#18] deadline for motions to amend, and a month-and-a-half after Toter's 30(b)(6) witness indicated the subject dumpster was not a Toter

product.

Plaintiffs describe a series of steps taken to try to identify the subject dumpster's manufacturer before filing suit. Plaintiffs sought information from Allied Waste, the owner of the subject dumpster, and from the property owner where the accident occurred, the records provided did not identify the subject dumpster's manufacturer. Reply 2 [#26]; see also [#26-5], [#26-6]. John Carreiro, who worked with the subject dumpster, believed it was a Toter product. Plaintiffs were unable to inspect the subject dumpster after the incident because it was removed from the accident scene three-days after the incident; Plaintiffs had to rely on photographs from the accident scene to identify the subject dumpster and the photographs did not capture the manufacturer's name.

After Plaintiffs initiated this action and prior to being advised by Toter's counsel in March 2021, Plaintiffs did not have reason to doubt Toter manufactured the subject dumpster. It does not appear Toter's initial disclosures questioned whether Toter manufactured the subject dumpster and Toter did not indicate in its Answer [#9] it was an improper defendant because it did not manufacture the subject dumpster.

Once Plaintiffs were advised that Toter might not be the manufacturer, Plaintiffs proceeded promptly with the Rule 30(b)(6) deposition and this motion.

Otto argues Plaintiffs should have identified the manufacturer earlier from the accident photographs. But the photographs do not show the name of the manufacturer and the differences between the different manufacturers' products are not readily apparent. See Deposition Tr. 10:1-11:15; 11:23-12:10 [#22-1]. There is no suggestion that Plaintiffs failed to make Toter aware of the accident photos at least by the time of initial disclosures, and yet Toter did not contend that it was not the manufacturer until six months later.

Otto also contends Plaintiffs should have inquired about the subject dumpster's manufacturer during the First Action. Otto's Sur-reply 2 [#29]. As noted above, Plaintiffs did seek records from the parties to that action, but with no success.

Accordingly, where Plaintiffs filed this action prior to the expiration of the statute of limitations, see Mass. Gen. Laws ch. 260, § 2A, based on Plaintiffs' understanding that the dumpster was a Toter product; evidence identifying Otto as the manufacturer was not available from the parties to the initial action; Toter itself did not promptly recognize that the dumpster was not its product; and Plaintiffs promptly sought leave to amend after Toter's expert identified the product as an Otto product, the court finds Plaintiffs' failure to correctly identify the manufacturer of the subject dumpster earlier does not demonstrate a lack of diligence. Cf. Town of Berkley v. Meridian at Padelford, Inc., Civ. Action No. 07-11649-MLW, 2011 WL 13365609, at 2-3 (D. Mass. Aug. 23, 2011) (denying plaintiffs' motion to add a non-diverse defendant in a case based on diversity jurisdiction where plaintiffs should have known of the proposed defendant much earlier in time).

### B. Prejudice to Otto

Otto also argues it would be prejudiced by the substitution. The court accepts Otto's contention that it would be in a better position to defend this lawsuit had Plaintiffs filed their Complaint [#1-1] shortly after the accident occurred, when witnesses' memories were likely fresher and when the dumpster had not been destroyed. However, Otto is in no worse position to defend this lawsuit today than on the day it was filed in Superior Court prior to the termination of the statute of limitations.

Otto's contention that it is prejudiced because it will not be able to examine the subject dumpster also does not provide a ground to deny the Motion [#22], where the subject dumpster

was removed from the incident scene three days after the accident and where Plaintiffs also were not able to examine the dumpster before it was removed. Indeed, the removal of the dumpster is likely to prejudice Plaintiffs more than Otto, where Plaintiffs have the burden of proof.

While Otto will now have to respond to Plaintiffs' discovery requests, this also does not demonstrate Otto is prejudiced. This is not a case where a defendant, having already completed discovery on one set of claims, is required to complete additional discovery due to an amendment adding a party or claims; this amendment would not require Otto to adjust its litigation strategy midstream, but will instead allow it to defend the action from the outset of claims against Otto, with the potential benefit of discovery that has already taken place. Cf. Stier, 383 F.3d at 12 (amendments are disfavored when they require the "re-opening of discovery with additional costs, a significant postponement of the trial, and a likely major alteration in trial tactics").

With this proposed amendment, Plaintiffs do not seek to argue a different set of facts except as to the identity of the manufacturer. Any prejudice Otto asserts it will face would have existed had Otto been named as the Defendant when this action was originally filed in Superior Court. Accordingly, where the asserted prejudice is not a result of the timeliness of Plaintiffs' amendment, and where any such prejudice does not outweigh the good cause Plaintiffs' have shown for their Motion [#22], the court will allow Plaintiffs to substitute Otto as the defendant. See Miceli, 914 F.3d at 86.

IV. Conclusion

For the aforementioned reasons, Plaintiffs' Motion [#22] is ALLOWED. Plaintiffs shall promptly file their amended complaint.

IT IS SO ORDERED.

Date: August 23, 2021

/s/ Indira Talwani
United States District Judge