UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| John Carreiro, et al., | * |
| | * |
| Plaintiffs, | * |
| | * |
| v. | *   Civil Action No. 1:20-cv-11119-IT |
| | * |
| OTTO ENVIRONMENTAL SYSTEMS | * |
| NORTH AMERICA, INC., | * |
| | * |
| Defendant. | * |

MEMORANDUM & ORDER

May 3, 2022

TALWANI, D.J.

Plaintiffs John and Sherrie Carreiro brought this action against Otto Environmental Systems North America, Inc. ("Otto"), alleging that Otto manufactured a dumpster that injured John Carreiro.[1] Now before the court is Otto's Motion for Leave to File a Third-Party Complaint ("Motion") [Doc. No. 41]. Allied Waste Services of Massachusetts, LLC ("Allied"), a proposed third-party defendant, opposes the motion.[2] For the reasons that follow, Otto's Motion [Doc. No. 41] is GRANTED in part and DENIED in part.

I.   **Background**

Plaintiffs John and Sherrie Carreiro allege that on May 17, 2017, John Carreiro, in the course of his employment, was at John Mendonca's property for the purpose of emptying the dumpster manufactured and sold by Otto. Am. Compl. [Doc. No. 32] ¶¶ 5, 9. Mr. Carreiro

---

[1] Plaintiffs originally brought this action against Toter, LLC ("Toter"), but amended the complaint to substitute Otto as the Defendant upon learning that Toter was not the manufacturer of the dumpster. See Mem. & Order [Doc. No. 30].

[2] Otto has withdrawn its motion as to another proposed third-party defendant, John Mendonca. See Withdrawal of Mot. [Doc. No. 49].

alleges that he sustained injuries to his lower body when the dumpster "toppled" onto him as he attempted to empty its contents. Id. at ¶ 10.

Otto filed its Answer [Doc. No. 33] and more than two months later filed the pending Motion [Doc. No. 41] requesting leave to file a third-party complaint against Allied. As alleged in the proposed Third-Party Complaint, at the time of the incident, Mr. Carreiro was employed by Allied, which was responsible for servicing the dumpster. Third-Party Compl. ¶¶ 6, 13 [Doc. No. 42-4]. Otto alleges further that Allied's affiliate, Allied Waste North America, Inc. ("Allied, Inc."), had entered into a Master Supplier Agreement with Otto in 2007 that included an indemnity provision and Allied originally purchased the 2-yard rolling dumpster in question from Otto and subsequently sold or rented it to Mr. Mendonca for use at his property where the incident occurred. Id. at ¶¶ 7, 9, 11. Otto also alleges that prior to the accident at issue, Mr. Mendonca informed Allied that one of the dumpster's wheels was dragging, binding up, and sticking, and that after he made this report, Allied failed to take any measures to service or replace the dumpster. Id. at ¶¶ 14-15.

Otto's proposed Third-Party Complaint alleges that Allied is liable based on contractual indemnification (Count II) and common law indemnification (Count III) for the claims that Plaintiffs bring in their Amended Complaint [Doc. No. 32] against Otto. Allied opposes the motion, asserting that it is "futile." Opp'n 1 [Doc. No. 45-1].

**II.   Standard of Review**

"A defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it. But the third-party plaintiff must, by motion, obtain the court's leave if it files the third-party complaint more than 14 days after serving its original answer." Fed. R. Civ. P. 14(a)(1). "In that event, the

determination is left to the informed discretion of the district court, which should allow impleader on any colorable claim of derivative liability that will not unduly delay or otherwise prejudice the ongoing proceedings." Lehman v. Revolution Portfolio L.L.C., 166 F.3d 389, 393 (1st Cir. 1999).

"The court need not grant leave to add third-party defendants when doing so would be futile." State Farm Fire & Cas. Co. v. Wangs All. Corp., 2022 WL 464232, at *2 (D. Mass. Feb. 15, 2022) (internal quotation marks omitted); S. Shore Hellenic Church, Inc. v. Artech Church Interiors, Inc., 2015 WL 846533, at *18 (D. Mass. Feb. 26, 2015) ("Although the standard under Rule 14(a) is liberal, the court need not grant leave if the claim is futile") (internal quotation marks omitted). A motion for leave to file a third-party complaint is futile when the proposed complaint would fail to state a claim upon which relief could be granted, such that it "fails to support a plausible entitlement to relief." Fed. Ins. Co. v. Fire Sprinkler Tech., Inc., 2021 WL 1857403, at *3 n.1 (D. Mass. May 10, 2021) (citing Rodriguez-Ortiz v. Margo Caribe, Inc., 490 F.3d 92, 95 (1st Cir. 2007)).

**III.     Discussion**

    A.     *Contractual Indemnification (Count II)*

"Under Massachusetts law, a right of indemnification can arise from (1) an express agreement, (2) a contractual right implied by the nature of the relationship between the parties, or (3) a tort-based right . . . where there is a great disparity in the fault of the parties." McCrohan v. Sandulli Grace, P.C., 369 F.Supp.3d 324, 332 (D. Mass. 2019) (internal quotation marks omitted).

Otto alleges that Allied's affiliate, Allied Waste North America, Inc., entered into a Master Supplier Agreement with Otto effective October 15, 2007. Third-Party Compl. ¶ 7 [Doc.

No. 42-4]. Otto contends that Allied has a contractual obligation to indemnify Otto pursuant to Allied, Inc.'s Master Supplier Agreement, which reads, in relevant part:

> Buyer agrees to indemnify, defend, and hold harmless Seller . . . for, from and against any and all threated or actual claims, losses, liabilities, damages, costs or expenses arising after the execution or termination of this Agreement . . . arising out of, related to or based on: (a) misuse of the Goods and/or Services by the Buyer . . . (c) any claim or threatened claim for personal injury, death or property damage arising from or related to any misuse of Goods and/or Service[].

Master Supplier Agreement, § 10(b) [Doc. No. 42-3]. Schedule 1 of the Master Supplier Agreement provides "the description of Goods and/or Services . . ." and lists two-wheeled, plastic residential carts of varying sizes as standard goods while stating that "[a]ll other carts are considered to be non-standard goods and are not subject to the pricing contained in this [Master Supplier] Agreement," id. at Sched. 1, §3(a)-(d).

Allied contends that since Mr. Carreiro alleges to have been injured while using a "two-yard, rolling dumpster," rather than a standard "two-wheeled, plastic residential cart," the indemnity provision of the Master Supplier Agreement does not apply. But Schedule 1 states that "[a]ll other carts are considered non-standard goods and are not subject to the *pricing* contained this Agreement" id. at Sched. 1, §3(d) (emphasis added); Schedule 1 is silent as to whether non-standard goods are subject to the indemnity provision of the Master Supplier Agreement and the indemnity provision itself does not distinguish between standard and non-standard goods.

Allied further contends that, even if the indemnity provision applies to the dumpster, "common sense would suggest that the parties did not intend to require Allied to indemnify Otto for misuse of the product ('residential carts[']) by the end users/homeowners" and, alternatively, that Mr. Carreiro was not misusing the dumpster when he was injured. Opp'n 4 n.5 [45-1]. Otto's claim against Allied is based, however, at least in part on Allied's own alleged misuse of the

4

dumpster by not curing the potentially defective wheel while keeping it in operation.[3]

Accordingly, the court grants Otto's Motion [Doc. No. 41] for leave to file as to proposed Count II claiming that Allied has a contractual obligation to indemnify Otto.

### B.   *Common Law Indemnification (Count III)*

Count III of Otto's proposed Third-Party Complaint alleges common law indemnity on the theory that, if Otto is deemed liable in this matter, it will be due to the acts of Allied, including failure to train, improper use of the dumpster and failure to service the dumpster. Third-Party Compl. ¶¶ 27-28 [Doc. No. 42-4]. In other words, Otto alleges that any liability it may have to Mr. Carreiro is "solely" derivative of Allied's liability. Id. at ¶ 27. Allied asserts that Otto's Motion [Doc. No. 41] is futile as to proposed Count III because Allied employed Mr. Carreiro on the date of the incident and paid his worker's compensation benefits such that Allied is released by Mass. Gen. Laws. c.152, § 23 from claims for common law indemnity.

Section 23 states that "[i]f an employee accepts payment of compensation under this chapter on account of personal injury or makes an agreement under section forty-eight, such action shall constitute a release to the insured of all claims or demands at common law, if any, arising from the injury." Mass. Gen. Laws. c.152, § 23. Otto alleges that Allied employed Mr. Carreiro on May 17, 2017, the date of the incident, Third-Party Compl. ¶ 6 [Doc. No. 42-4], and Otto does not dispute that Mr. Carreiro accepted "payment of compensation . . . on account of [his] personal injury," thereby releasing Allied from all claims arising under common law from the incident, Mass. Gen. Laws. c.152, § 23. "The exclusivity provision in the workers'

---

[3] To the extent the claim is based on Mr. Mendonca's alleged misuse of the dumpster, the indemnification provision still appears to be applicable where it covers "any misuse of Goods and/or Service." Master Supplier Agreement, § 10(b) [Doc. No. 42-3]. The court need not finally resolve this issue at this juncture, however, given the claim is based on Allied's alleged conduct.

compensation statute, G.L. c. 152, § 23 . . . 'ordinarily bars a third party sued by the employee from recovering against the negligent employer who has paid workers' compensation.'" Fraco Prod., Ltd. v. Bostonian Masonry Corp., 84 Mass. App. Ct. 296, 300, 995 N.E.2d 1125 (2013) (quoting Larkin v. Ralph O. Porter, Inc., 405 Mass. 179, 181, 539 N.E.2d 529 (1989)).

Accordingly, the court denies Otto's Motion [Doc. No. 41] as to proposed Count III claiming that Allied is liable to Otto under common law indemnity.

### IV.     Conclusion

For the foregoing reasons, Otto's Motion [Doc. No.41] is GRANTED in part and DENIED in part. Otto's motion for leave to file its proposed Third-Party Complaint is granted limited to its claim of contractual indemnification (Count II).

IT IS SO ORDERED

Dated: May 3, 2022                                                     /s/ Indira Talwani
                                                                                  United States District Judge